# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

J.A.M. PROMOTIONS, INC.,                                                                 PLAINTIFF,

VS.                                                            CIVIL ACTION NO. 2:09CV016-P-A

TUNICA COUNTY ARENA AND
EXPOSITION CENTER, INC. and
W.A. PECK BOUCHILLON,                                           DEFENDANTS.

## ORDER

This matter comes before the court upon Defendant W.A. Peck Bouchillon's October 2, 2009 motion for summary judgment [37]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

In his Amended Complaint, the plaintiff asserts only one claim against Defendant Bouchillon in his individual capacity: malicious interference with a contract. Defendant Bouchillon's motion for summary judgment argues that this claim should be dismissed because he is entitled to immunity pursuant to the Mississippi Torts Claim Act, Miss. Code Ann. §11-46-5(3) given that the alleged behavior occurred during the "course and scope of [his] employment." Alternatively, Defendant Bouchillon argues that even if he is not entitled to MTCA immunity, the claim is time barred pursuant to Miss. Code Ann. §15-1-35 which provides a one-year statute of limitation for asserting a claim for intentional torts.

Having considered the parties' arguments, the court concludes that the defendant's motion for summary judgment should be denied.

First, MTCA immunity under §11-46-5(3) is inapplicable because the subject claim asserts

"malicious" conduct which is specifically excluded from the immunity provision by §11-46-7(2).

Second, the Mississippi Supreme Court clearly held in *Nichols v. Tri-State Brick and Tile Company, Inc.*, 608 So.2d 324, 333 (Miss. 1992) that a claim for "malicious interference with business relations" "simply does not fit with any of the enumerated torts in [§15-1-35]" and accordingly, the statute of limitations period is §15-1-49's three-year period. In that same case, the Court noted that it had "recognized malicious interference with the 'right to pursue a lawful business, calling, trade or occupation' as a tort," and such an action lies when "a party maliciously interferes with a valid and enforceable contract ... causing one party not to perform and resulting in injury to the other contracting party." *Id.* at 328. The Mississippi Court of Appeals in *Wertz v. Ingalls Shipbuilding, Inc.*, 790 So.2d 841 (Miss. App. 2001), citing *Nichols*, similarly concluded that the plaintiff in that case has three years to file a claim for intentional interference with a contract. The case cited by the defendant, *City of Mound Bayou v. Johnson*, 562 So.2d 1212, 1217-18 (Miss. 1990) is inapposite because the Court did not explicitly or implicitly hold that malicious interference with a contract is covered by the one-year statue of limitations period, but rather concluded that §15-1-35 applied to claims of false arrest and malicious prosecution. In fact, the Court reached this conclusion after observing that the "better view is that [§15-1-35] extends to all actions substantially like unto the enumerated eight and for which no specific statute has been provided." None of the torts enumerated in §15-1-35 are "substantially like unto" malicious interference with a contract.

Third, the defendant contends that the doctrine of judicial estoppel should prevent the plaintiff from pursuing his malicious interference with a contract claim. Paragraph 6 of the Amended Complaint states:

> However, Defendant Bouchillon, for personal reasons, not related to the best interest
> of Tunica County, Mississippi, wish [sic] to be rid of Plaintiff's go-kart event.

2

> Accordingly, the Defendants acting through its executive director [Bouchillon], on January 15, 2008, wrote the letter attached hereto as Exhibit "2," and caused the letter to be delivered to Plaintiff approximately one month later in February 2008.

The defendant argues that because the plaintiff used the operative language "the Defendants, acting through its executive director [Bouchillon]" in paragraph 6 of both Complaints and in his Notice of Claim filed pursuant to the MTCA, he essentially confessed that everything Bouchillon allegedly did was in fact in the course and scope of his employment and therefore Bouchillon is entitled to MTCA immunity under §11-46-5(3).

"A court should apply judicial estoppel if (1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently." *Jethroe v. Omnova Solutions, Inc.,* 412 F.3d 598, 600 (5th Cir.2005). The court concludes that the doctrine of judicial estoppel is inapplicable because the defendant has not clearly demonstrated that the plaintiff has taken plainly inconsistent positions, that a court has relied on the position, or that the plaintiff did not act inadvertently. Clearly a party can plead alternative legal theories in the same case and how those theories fare is determined by the development and ultimate findings of fact.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant W.A. Peck Bouchillon's October 2, 2009 motion for summary judgment [37] is **DENIED**; accordingly,

(2) The parties are instructed to contact the U.S. Magistrate Judge to lift the stay by April 23, 2010.

**SO ORDERED** this the 7th day of April, A.D., 2010.

                                            /s/ W. Allen Pepper, Jr.
                                            W. ALLEN PEPPER, JR.
                                            UNITED STATES DISTRICT JUDGE