IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

J.A.M. PROMOTIONS, INC.,                 PLAINTIFF,

VS.                 CIVIL ACTION NO. 2:09CV016-P-S

TUNICA COUNTY ARENA
AND EXPOSITION CENTER;
TUNICA COUNTY, MISSISSIPPI; and
W.A. PECK BOUCHILLON,                 DEFENDANTS.

## ORDER

This matter comes before the court upon the defendants' March 28, 2011 motion [122] to strike. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The subject profit and loss documents [docket numbers 111, 115.31, and 117.31] were disclosed for the first time when the plaintiff filed its Second Supplemental Pre-Discovery Disclosure of Core Information on March 16, 2011 – almost three months after the discovery deadline passed on January 28, 2011. Though a party is under a duty to supplement disclosures pursuant to Fed. R. Civ. P. 26(e), such supplements are not timely after the discovery deadline per Local Rule 26(a)(5). The failure to provide such evidence in a timely fashion was not harmless and constituted unfair prejudice to the defendants.

During his October 2010 deposition, Lanier James, as the plaintiff's Rule 30(b)(6) designee, testified that he himself did not possess the skills to specifically explain the difference in profits and losses between the 2007 go-kart event held in Tunica, which lost money, and the 2008 event held in Batesville, which also lost money. See Deposition of Lanier James, 124:22-25; 25:1-9 ("I don't know how to compute the variables."). When the plaintiff filed his supplemental disclosures on

1

March 16, 2011 with specific profit and loss numbers, not only was this information three months late, but the analysis was conducted by an accountant, Mr. McClanahan, who has not been designated as an expert in this case. The expert deadline passed long ago and the plaintiff chose not to designate any experts. As correctly cited by the defendants, since Mr. McClanahan is not an employee or officer of J.AM. Promotions, Inc., lay testimony by him regarding profits and losses is inadmissible. *DIJO, Inc. v. Hilton Hotels Corp.*, 351 F.3d 679, 684-6 (5th Cir. 2003).

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The defendants' March 28, 2011 motion [122] to strike is **GRANTED**; accordingly,

(2) The plaintiff's evidence of lost profits [docket numbers 111, 115.31, and 117.31] are hereby stricken; and

(3) Furthermore, since the plaintiff has no timely or admissible evidence of lost profits, the defendant's motion *in limine* contained within the instant motion seeking exclusion of any evidence regarding lost profits arising from the go-kart event being hosted in Batesville in 2008 rather than in Tunica should be granted.

**SO ORDERED** this the 19th day of May, A.D., 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE